IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICARDO M. SUGGS, JR., | ) |
| Petitioner, | ) |
| vs. | ) Civil Action No. 3:20-cv-52 |
| | ) Judge Stephanie L. Haines |
| WARDEN, FCI LORETTO, | ) Magistrate Judge Keith A. Pesto |
| Respondent. | ) |

## **MEMORANDUM ORDER**

Pending before the Court is the petition for a writ of habeas corpus filed by prisoner Ricardo M. Suggs, Jr. ("Petitioner") pursuant to 28 U.S.C. § 2241 (ECF No. 4). On December 7, 2020, Respondent Warden, F.C.I. Loretto ("Respondent") filed a response to the petition (ECF No. 13). On January 14, 2021, Petitioner then filed a reply to the response to the petition (ECF No. 16). This matter was referred to United States Magistrate Judge Keith A. Pesto in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

By way of background, Petitioner is currently an inmate at F.C.I. Loretto where he is serving a 324-month sentence pursuant to his conviction in the United States District Court for the Northern District of West Virginia in *United States v. Suggs*, Case No. 5:06-cr-27 (N.D.W.Va.). In that case, Petitioner was charged in a superseding indictment with the following counts: possession of a firearm by a convicted felon, 18 U.S.C. §§922(g)(1) and 924(a)(2) (Count One); tampering with a witness with intent to kill, 18 U.S.C. § 1512(a)(1)(A) (Count Two); tampering with a witness by use of force, 18 U.S.C. § 1512(a)(2)(A) (Count Three); and tampering with a witness by corrupt persuasion, 18 U.S.C. § 1512(b)(1) (Count Four) (ECF No. 13-6). Petitioner

1

was convicted on Counts One, Two, and Three, and he was not convicted on Count Four (ECF No. 13-5 at Docket Entries 115 and 150, *USA v. Suggs*, No. 06-27 (N.D.W.Va.)). On April 16, 2007, Petitioner was sentenced to 120 months as to Count One, 240 months as to Count Two, consecutively to Count One, and 240 months as to Count Three, consecutively to Counts One and Two, to the extent necessary to achieve a total sentence of 324 months (ECF No. 13-6). There does not appear to be a dispute between the parties on the facts of the case.

In his petition and brief filed in support of that petition (ECF Nos. 4 and 5), Petitioner asserts that he is actually innocent of his felon in possession of a firearm charge as alleged in Count One, and is therefore entitled to file a petition challenging his sentence under 28 U.S.C. § 2241, relying on the case *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Respondent's response (ECF No. 13) contends that that this Court lacks subject matter jurisdiction over Petitioner's claims because his claims are not the type that can be litigated in a §2241 habeas petition, arguing Petitioner has failed to provide any proof of his claimed "actual innocence." In his reply (ECF No. 16), as well as in his petition and brief, Petitioner contends that this is the rare case in which a federal prisoner may attack the validity of his conviction in a §2241 habeas petition (ECF No. 16).

On January 15, 2021, Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 17). In the Report and Recommendation, Magistrate Judge Pesto held that the Court need not reach Petitioner's claim for relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because, under the collateral sentence doctrine, Petitioner's custody would not be affected even if the Court were to vacate the sentence for Count One. The Report and Recommendation (ECF No. 17) was mailed to the Petitioner at his listed address at F.C.I. Loretto, and he was advised that he had fourteen (14) days to file any objections to the Report and Recommendation.

On January 29, 2021, Petitioner filed objections to the Report and Recommendation (ECF No. 18). In his objections, Petitioner contends that Magistrate Judge Pesto inappropriately applied the concurrent sentence doctrine to deny his petition. Respondent filed a reply to Petitioner's objections (ECF No. 19) essentially agreeing with Magistrate Judge Pesto's application of the concurrent sentence doctrine to deny the petition.

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. Local Civil Rule 72.D.2 provides further that the district judge may accept, reject or modify in whole or in part, the findings and recommendations made by the magistrate judge. As provided herein, the Court will adopt Magistrate Judge Pesto's denial of the petition and overrule Petitioner's objections (ECF No. 18).

In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U. S. C. §922(g) and §924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. In this case, Petitioner was barred from possessing a firearm because of his prior conviction of a crime punishable by more than one year in prison (ECF No. 13 at p. 3). The Court notes that Petitioner stipulated at his trial to having been convicted of a crime punishable for a term of imprisonment exceeding one year, and that he was therefore prohibited from possessing a firearm or ammunition. *Id.* Nonetheless, Petitioner argues in the instant petition that the superseding indictment did not include a knowledge-of-status element and asserts his actual innocence of the possession charge.

Although the Petitioner seeks relief via a §2241 habeas petition, typically, a challenge to the validity of a conviction or sentence is brought pursuant to 28 U.S.C. §2255. "The exact interplay between §2241 and 2255 is complicated ...." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012). After a conviction becomes final, "a federal prisoner generally may challenge the legality of his conviction of sentence only through a motion filed pursuant to §2255." *Jackman v. Shartle*, 535 Fed. Appx. 87, 88-89 (3d Cir. 2013) (*citations omitted*). Petitioner has already pursued relief, unsuccessfully, by filing a motion to vacate under §2255. *See United States v. Suggs*, 447 Fed. Appx. 511 (4th Cir. 2011). Significantly, §2255 expressly prohibits a court from entertaining a §2241 petition filed by a prisoner who is raising the types of claims that must be raised in a §2255 motion, unless it appears that the remedy by §2255 motion is inadequate or ineffective to test the legality of his detention." *Horton v. Warden, FCI McKean*, Crim. No. 18-151, 2020 U.S. Dist. LEXIS 55679, 2020 WL 1532289, at * 6 (W.D. Pa. March 31, 2020) (citations and quotations omitted). It is this "safety valve" clause of §2255 that allows a petitioner to seek a writ of habeas corpus under §2241 in the "rare case" in which a §2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *In re Dorsainvil*, 119 F.3d 245, 249-50 (3d Cir. 1997).

The Third Circuit "permits access to §2241 when two conditions are satisfied: First, a prisoner must assert a claim of actual innocence on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision and our own precedent construing an intervening Supreme Court decision - in other words, when there is a change in statutory case law that applies retroactively in cases on collateral review... And second, the prisoner must be otherwise barred from challenging the legality of the conviction

4

under § 2255." *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017) (internal quotation marks and citations omitted).

Based on the claims in the petition, it appears that the Petitioner can avail himself of the "safety valve" and the Court has jurisdiction over the claims raised in the petition. *See United States v. Howard*, No. CR 13-135, 2021 U.S. Dist. LEXIS 109642, at *8 (W.D. Pa. June 11, 2021); *Guerrero v. Quay*, Crim. No. 20-39, 2020 U.S. Dist. LEXIS 49418, 2020 WL 1330667, at * 3 (M.D. Pa. March 23, 2020); *Oscar v. Warden, USP- Allenwood*, Crim. No., 2020 U.S. Dist. LEXIS 79525, 2020 WL 2193447, at * 2 (M.D. Pa. May 6, 2020). Petitioner asserts he is "actually innocent of his felon in possession of a firearm charge" (ECF No. 4 at p. 6), and the Third Circuit has determined that "[t]he latter half of [the *Rehaif*] holding - that the government must prove that the defendant knew of his status a person prohibited from having a gun - announced a newly found element of the crime." *United States v. Nasir*, 982 F.3d 144, 160 (3d Cir. 2020).

Additionally, Petitioner satisfies the second requirement as he is otherwise barred from challenging the legality of the conviction under §2255 as he had no opportunity to raise his challenge in his initial §2255 motion that predated *Rehaif*. Moreover, as *Rehaif* addressed an issue of statutory interpretation, the Government correctly concedes that it would not be a basis for a successive §2255 motion. *See Boatwright v. Warden Fairton FCI*, 742 Fed. Appx. 701, 702-703 (3d Cir. 2018) (successive §2255 motions based on new law must be based on new rules of constitutional law); *In re Sampson*, 954 F.3d 159 (3d Cir. 2020) (a second or successive §2255 motion is not permitted based on *Rehaif*, as it involves statutory interpretation and did not announce a new rule of constitutional law).

However, though the Court may exercise jurisdiction over the petition, the Court finds that Magistrate Judge Pesto correctly determined that the petition should be denied pursuant to the

5

concurrent sentence doctrine. Even if Petitioner prevailed on a claim challenging his conviction at Count One, his term of imprisonment would not be shortened. *See Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 103-04 (3d Cir. 2017) (Third Circuit applied the concurrent sentence doctrine to decline review of certain claims asserted in §2241 petition as, even if the prisoner prevailed on such claims as to Counts 5-7, his term of imprisonment would not be altered). Disregarding his conviction at Count One, Petitioner was sentenced at Count Two and Three to 240 months each, to be served consecutively, to the extent necessary to achieve a total sentence of 324 months. Magistrate Judge Pesto correctly states that vacating Petitioner's conviction of possession of a firearm at Count One would still leave two 240-month terms consecutive to each other, which totals 480 months. As these two consecutive terms are more than the 324-month total sentence, vacating Count One would not affect Petitioner's custody. Petitioner's objections (ECF No. 18) fail to identify a valid reason why the concurrent sentence doctrine should not apply and the Court finds that Petitioner's objections (ECF No. 18) to Magistrate Judge Pesto's application of the concurrent sentence doctrine are unavailing.[1]

After review of the Report and Recommendation (ECF No. 17) and all other documents filed in this case and of record, the following order is entered:

---

[1] Petitioner appears to raise in his objections a challenge to his sentence under *Alleyne v. United States*, 570 U.S. 99 (2013), but the Third Circuit has held that Petitioner's *Alleyne* challenge cannot be raised in a § 2241 petition because § 2255 is neither inadequate nor ineffective for a prisoner to raise an *Alleyne* argument. *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 103 (3d Cir. 2017).

## ORDER

**AND NOW,** this 27th day of July, 2021, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 4) is **DENIED.  IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 17) is **ADOPTED** as the opinion of the Court.  Petitioner's objections (ECF No. 18) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mark this case **CLOSED**.

Stephanie L. Haines
United States District Judge